FILED
2015 Jan-30  PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **AMY PLAYER MOOREHEAD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HH HEALTH SYSTEM MORGAN** | ) | |
| **COUNTY, LLC, d/b/a Decatur** | ) | **CASE NO.:  5:14-cv-02094-AKK** |
| **Morgan Hospital, a corporation or** | ) | |
| **similar business entity,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PROTECTIVE ORDER

This Protective Order ("Order") is issued to facilitate the exchange of confidential information under the Federal Rules of Civil Procedure, Rule 26. Unless modified by Court Order, this Order shall remain in effect to the conclusion of this litigation. Accordingly, pursuant to the Federal Rules of Civil Procedure, by agreement of counsel, and for good cause shown:

## IT IS HEREBY ORDERED AS FOLLOWS:

This Protective Order shall govern the use of all designated information or documents, including all copies, excerpts and summaries thereof, revealed or produced during the course of discovery in this proceeding by any person whether in response to a document request, interrogatory, deposition, subpoena or

otherwise (hereinafter referred to as "Discovery Materials").  All Discovery Materials furnished by any person shall be used solely for the purpose of this proceeding and for no other purpose.

This Protective Order shall also govern all documents and other discovery materials produced during discovery by any non-parties and by any party, where either the non-party or a party to this litigation requests the protections provided by this Order (also referred to hereinafter as "Discovery Materials").

## CONFIDENTIAL MATERIALS

1.     "Confidential Information" as used herein shall include (a) confidential, personal, business, or financial information of any party; (b) medical or health-related information of any third-party, whether or not the information is protected by the Health Insurance Portability And Accountability Act of 1996, as amended (HIPAA); (c) a trade secret, proprietary or other confidential research, development, financial, or commercial information, or the like; (d) personnel and employee information of non-parties; and (e) any information in the custody, possession, or control of a party, the disclosure of which, absent this Confidential Agreement, could constitute an unreasonable disclosure of any third-party's private information or otherwise violate an obligation of confidentiality that such party owes to a third party.  "Confidential Information" may be in any form, including documents, answers to interrogatories, answers to requests for admissions,

deposition testimony, and the like. "Confidential Information" shall not include material publicly disclosed by or at the direction of the party asserting that such information is confidential.

2.    In providing Discovery Materials, any person may designate as confidential the whole or any part of any Discovery Materials if the person believes that disclosure might be improper or unlawful. Nothing contained herein shall be construed to limit the type or classification of documents or information for which confidential status may be sought.

3.    Discovery Materials which a person wishes to designate as confidential shall be designated by their counsel as "CONFIDENTIAL" or by so stating on the record during a deposition (hereinafter referred to as "Confidential Materials").

4.    Discovery Materials inadvertently disclosed without being designated as confidential may thereafter be designated as confidential by promptly notifying all persons who received the information, in writing, that such information is confidential and that the receiving person shall thereafter treat the information as Confidential Materials. However, nothing in this paragraph prevents a party from arguing that an unreasonable delay in designating the Discovery Material as confidential was a waiver of confidentiality.

5.    A party receiving Confidential Materials may object in writing to such designation within 30 days of receipt. All objections must be served on all counsel of

record.  Any party may submit a response to the objection within 30 days of service of the objection.  Said response must be served on all counsel of record.  If the parties cannot resolve the matter among themselves in accordance with local court rules, any party may file appropriate pleadings with the Court, and request that the Court enter an Order resolving the disputed issues based upon the objections and/or responses. The burden shall be on the party designating the information as confidential to justify why the information is entitled to confidential treatment.  Pending resolution of a dispute concerning the applicability of this Order to a document, the document at issue will be deemed to be within the scope of this Protective Order.

6.     All Confidential Materials and all information derived therefrom, such as extracts, summaries, memoranda and correspondence quoting from such documents, may be used only for the purpose of preparing for and conducting discovery, pretrial, trial and post-trial proceedings in this action and for no other purpose.

7.     Except as the Court may otherwise expressly direct and except as provided in paragraph 8 below, Confidential Materials may be disclosed only to (a) the Court, including its personnel both within Chambers and the Clerk of Court's office; (b) each party, including any current or former employees of Defendant who are not subject to ex parte contact by Plaintiff, and counsel of record for each party actively engaged in this litigation and to paralegal assistants, office clerks and

secretaries working under their supervision; (c) outside experts, retained for consultation or for testimony; and (d) witnesses being deposed or witnesses anticipated to be likely called to testify at trial; and (e) court reporters in the performance of their official duties.   Prior to disclosure to persons described in clauses (c), (d), and (e) counsel shall furnish a copy of this Protective Order to them and obtain the written certification of each such person to be bound by the terms of this Protective Order, which written certification shall be in the form shown on the attached Exhibit "A," and a copy of which shall be provided to all counsel on entry of a final Judgment in this matter.  Nothing within this Order shall restrict the ability of any party to use any materials designated as "CONFIDENTIAL" at the trial of this matter.

8.     Any person having knowledge or possession of any Confidential Material obtained through discovery in this litigation shall not disclose such material, its contents or any portion or summary thereof to any person, except as otherwise permitted by this Protective Order.

9.     Upon termination of this litigation (defined as 60 days following the (a) entry of a final judgment that disposes of this litigation in its entirety and from which no appeal is taken or (b) issuance of a mandate by the last reviewing court that disposes of this litigation in its entirety), each party herein shall, upon timely request by the producing party, provide a certification to the producing

party that all documents, information and any copies thereof subject to this Order have been placed in sealed envelopes or sealed boxes marked "Confidential."  Provided, however, that no party shall be required to disassemble court pleadings or depositions, one copy of which may be retained by counsel.  Confidential information filed as an exhibit under seal shall be disposed of as provided by in the Local Rules after the conclusion of the case.

10.    If documents or other materials deemed confidential are filed with the Court, the parties are to confer about whether it is appropriate to file the material under seal prior to filing any such document.  If the parties cannot reach an agreement, then the party wishing to have the material sealed shall file a motion with the Court seeking to seal the material and will show good cause as to why the material should be sealed. Nothing in this Order shall be construed to deny any party the use of any material designated as "CONFIDENTIAL" in this proceeding

11.    Any Confidential Materials which are designated by any party to be introduced at trial may be offered into evidence in open court unless the person who produced or originally generated the Confidential Materials obtains an

appropriate protective order from the Court.  Trial exhibits, including documents previously filed under seal, and trial transcripts will not be filed under seal, except upon a showing of necessity demonstrated to the trial judge by the party seeking to seal the document(s).

12.    The execution of the Protective Order shall not in any way whatsoever detract from the right of a party to object to the production of documents or information on grounds other than confidentiality.  Nothing contained in this Order shall:  (a) operate as an admission by any party that any particular Discovery Materials are, or are not, either confidential or admissible in evidence in this action; or (b) prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) to have information not covered by this Order treated as Confidential Materials within the meaning of this Order; (ii) additional protection for specific Confidential Materials; or (iii) relief from the provisions of this Order with respect to specific items or categories of Confidential Materials.

13.    The obligation of confidentiality pursuant to this Order shall survive termination of this litigation.  This Court shall retain jurisdiction for the limited purpose of enforcing this Order.

## NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINES BY INADVERTENT DISCLOSURE

1.      The parties recognize that some of the Discovery Materials produced by in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence or Alabama Rules of Evidence, and hence are not subject to disclosure under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence ("Privileged Material"); the parties also recognize that some of the Discovery Materials produced in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to disclosure under the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and/or Alabama Rules of Evidence ("Work-Product Material").

2.      Therefore, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of the Discovery Materials produced in connection with this matter, some Privileged Material and Work-Product Material (collectively, "Protected Material") may be inadvertently disclosed to parties during the course of this litigation.

3.      The inadvertent disclosure of any Discovery Material, which is subject to a legitimate claim that the Discovery Material should have been withheld from disclosure as Protected Material, shall NOT waive any privilege or other applicable protective doctrine for that Discovery Material or for the subject matter of the inadvertently disclosed Discovery Material if the producing party,

upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

4.     Notwithstanding anything herein to the contrary, if the receiving party has reason to believe that any Discovery Material was inadvertently disclosed by the producing party, the receiving party shall not read, disclose, or copy such Discovery Material, and shall promptly make the producing party aware of such belief.

5.     Any document or ESI which the producing party deems to contain inadvertently disclosed Discovery Material shall be promptly returned to the producing party. Such obligation to return includes all copies, electronic or otherwise, of any such documents or ESI.

6.     Except in the event that the requesting party disputes the claim that the Discovery Material should have been withheld from disclosure as Protected Material, any Discovery Material which the producing party deems to contain inadvertently disclosed Protected Material shall, upon written request, be promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents.  In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request.

7.     In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed Discovery Material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the producing party's claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

8.     Any Protected Material inadvertently disclosed by the producing party to the receiving party pursuant to this Agreement, shall be and remain the property of the producing property.

9.     To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

Nothing contained in this Protective Order shall preclude any party from moving at any time for a modification of any provision of this Protective Order.

**DONE** the 30th day of January, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

**CERTIFICATION CONCERNING CONFIDENTIAL OR
RESTRICTED DOCUMENTS OR INFORMATION
COVERED BY A PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the attached Protective

Order, dated _____, 2015, entered by the Court in the

lawsuit*, Amy Player Moorehead v. HH Health System Morgan County LLC,*

Civil Action No. **5:14-cv-2094-AKK**, United States District Court, Northern

District of Alabama, Northeastern Division, and I agree to be bound by it.  I

understand that any documents or information, designated **"CONFIDENTIAL"**

shall not be disclosed to anyone or used for any purpose whatsoever other than

this.


**DATED: _____          _____**