# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **AMY PLAYER MOOREHEAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HH HEALTH SYSTEM MORGAN COUNTY, LLC, d/b/a Decatur Morgan Hospital, a corporation or similar business entity,** | ) CASE NO.: 5:14-cv-02094-AKK |
| | ) |
| Defendant. | ) |

_____

## DEFENDANT'S MOTION FOR LEAVE TO SERVE SUBPOENA

Defendant HH Health System Morgan County, LLC, d/b/a Decatur Morgan Hospital ("Defendant" or "Decatur Morgan") hereby moves the Court for leave to subpoena Plaintiff Amy Moorehead's records from Asbury Child and Family Counseling Center.[1] In support of this Motion, Defendant states the following:

1.  Moorehead is claiming mental anguish in this case and testified she sought counseling related to her claims in this case. Moorehead Depo. at 331:15-18 (Doc. 31-1).

---

[1] With respect to the timeliness of this motion, Defendant sought to subpoena the Asbury records during the discovery period. Plaintiff objected to the subpoena and the Parties were unable to reach an agreement to resolve the issue. However, the Parties agreed to table this issue until after the Court's ruling on Defendant's summary judgment motion.

B SDC01 1520020 v1
2918140-000138 05/26/2016

2. Thus, the Asbury Counseling Center records are relevant to the stressors in Moorehead's life which caused or contributed to any alleged mental anguish. *See, e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (holding employee who claimed emotional distress in lawsuit against her employer for sex discrimination and sexual harassment was required to execute releases allowing employer access to her medical records); *Moore v. Chertoff*, No. 00-953, 2006 U.S. Dist. LEXIS 31391 at *8 (D.D.C. May 22, 2006) ("Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so."); *EEOC v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141-42 (E.D. Mo. 1997) ("[T]he Court finds that the medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress.").

3. Although Moorehead contends she will not offer testimony at trial that she sought counseling related to her claims, it is apparent Moorehead was in counseling for reasons unrelated to her employment. Thus, to the extent Moorehead asks the jury to award her mental anguish damages, Defendant is entitled to discovery as to other stressors in Moorehead's life for which she sought

counseling so that it may rebut Moorehead's argument that her mental anguish was purportedly caused by Defendant's conduct.

4.   Additionally, the records are relevant to the issue of Moorehead's credibility.  Moorehead contends she lied under oath and falsified medical excuses because she was confused about the dates of her "medical treatment" and that she merely forgot she was at Asbury rather than at her doctor's offices. *See* Declaration of Amy Moorehead, Exhibit 1 to Plaintiff's Response in Opposition to Motion for Sanctions ¶ 5 (Doc. 48-1); Notes from Asbury Child and Family Counseling Center (Doc. 48-1 at 5-6).  The records are relevant to the type of alleged treatment Moorehead received, i.e. whether it was in fact medical treatment, and the credibility of her allegation that she was merely confused about the dates.

5.   To the extent Moorehead claims these records are in any way privileged, she has impliedly waived any such privilege by putting her mental state at issue.  *See, e.g. McBride v. Houston Cty. Health Care Auth.*, No. 1:12CV1047-MHT-TFM, 2014 WL 707166, at *3 (M.D. Ala. Feb. 24, 2014) (noting that numerous "federal courts have held that the privilege is impliedly waived where the plaintiff puts their mental or emotional state at issue").

WHEREFORE, premises considered, Defendant moves the Court for leave to subpoena Moorehead's medical records from Asbury Child and Family Counseling Center.

Respectfully submitted this May 26, 2016.

*s/ Rachel V. Barlotta*
Jennifer M. Bedsole (MCC107)
Rachel V. Barlotta (VAN040)
Sharonda Childs Fancher (CHI033)
*Attorneys for Defendant*

**OF COUNSEL**
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL  35203
205-328-0480
jbedsole@bakerdonelson.com
rbarlotta@bakerdonelson.com
sfancher@bakerdonelson.com

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served upon the following counsel of record via the court's electronic filing system on this the 26th day of May, 2016:

Heather Leonard
Heather Leonard, P.C.
P.O. Box 43768
Birmingham, Alabama 35243
(205) 977-5421 Telephone
(205) 278-1400 Facsimile
Heather@HeatherLeonardPC.com

*s/ Rachel V. Barlotta*
OF COUNSEL

B SDC01 1520020 v1
2918140-000138 05/26/2016