IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| AMY PLAYER MOOREHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER: |
| ) | |
| HH HEALTH SYSTEM MORGAN ) | 5:14-cv-2094-AKK |
| COUNTY, LLC, d/b/a Decatur ) | |
| Morgan Hospital, a corporation or similar ) | |
| business entity, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO SERVE SUBPOENA (DOC. 66)

COMES NOW the Plaintiff and opposes the Defendant's motion for leave to serve subpoena.

Defendant's motion should be denied for the following reasons:

1. This action is set for a jury trial on Tuesday, June 28, 2016. Mrs. Moorehead brings claims under the Pregnancy Discrimination Act ("PDA") for discrimination and retaliation as well as the Family and Medical Leave Act ("FMLA") for retaliation. The actions by Defendant challenged by

1

Mrs. Moorehead are: (a) allowing her credentials to lapse while she was on leave in 2013, (b) refusing to return her to a full-time ARC position, (c) failing to timely process her credential paperwork in 2014, and (d) failing to adequately schedule her once she returned to work PRN status amounted to unlawful retaliation under the Pregnancy Discrimination Act.

2. In September 2015, Defendant issued a subpoena to Asbury Child & Family Counseling seeking Mrs. Moorehead's mental health records for March 21, 2012, through August 21, 2014. (Exhibit 1 - Subpoena).[1] In response, Mrs. Moorehead objected to the substance of any mental health records being disclosed because she was not waiving her counselor-patient privilege. (Exhibit 2 - Letter of Objection). She did not object to the facility providing verification of the dates she received treatment. (Id.)

3. Defendant is not entitled to subpoena Mrs. Moorehead's mental health records because they are protected by the counselor-patient privilege.

   a. The majority of federal courts that have addressed the discoverability of a plaintiff's mental health records have held that a party does not

---

[1] Defendant's motion (Doc. 66) did not specifically identify what would be subpoenaed beyond the designation of "Amy Moorehead's records" nor did it include as an exhibit a proposed subpoena. In responding to this motion, Plaintiff is assuming that the subpoena sought by the Defendant would be identical to the September 2015 subpoena attached as Exhibit 1.

2

place his or mental condition in controversy merely by requesting damages for mental anguish or "garden variety" emotional distress. *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 U.S. Dist. LEXIS 37536,, 2009 WL 961131, at *2 (M.D.Fla. Apr.7, 2009); *Stevenson v. Stanley Bostick, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001).

b. Mrs. Moorehead's mental health records are confidential and she has a privacy interest in preserving that confidentiality. *See EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (citing *Griswold v. Connecticut*, 381 U.S. 479, 484(1965) and Health Information Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 299b-2).

c. Where an individual alleges only garden-variety emotional distress and does not intend to rely on medical or psychological evidence to prove that he or she is harmed, the individual does not waive privilege. *See e.g. Krocka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D.Ill.2000) (privilege remains intact so long as plaintiff limits testimony to humiliation and embarrassment and not any psychological symptoms or conditions); *Miles v. Century 21 Real Estate LLC*, 2006 WL 2711534 (E.D. Ark. 2006) (because plaintiffs

in housing discrimination claim would not offer expert testimony or rely on medical records to prove emotional distress, defendant was not entitled to identity of health care providers or copies of medical or psychotherapy records, particularly where defendant had not limited its request in time or scope). As explained by one court,

> "Garden-variety" means ordinary or commonplace. Webster's New World Dictionary 656 (3d College ed. 1988). Garden-variety emotional distress, therefore, is ordinary or commonplace emotional distress. Garden-variety emotional distress is that which simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working.

*Ruhlmann v. Ulster County Dep't of Soc. Servs.,* 194 F.R.D. 445, n. 6 (N.D.N.Y. 2000)(vacating magistrate's order compelling production of mental health records; "a party does not put his or her emotional condition in issue by merely seeking incidental, 'garden-variety' emotional distress damages, without more.").

d. The Code of Ala. § 34-26-2 codifies the pscyhotherapist - patient privilege;

> For the purpose of this chapter, the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological

technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.[2]

---

[2] Rule 503(d) of the Alabama Rules of Evidence also recognizes this privilege:

Rule 503. Psychotherapist-patient privilege.

(a) Definitions.

> As used in this rule:
>
> (1) A "patient" is a person who consults or is examined or interviewed by a psychotherapist.
>
> (2) A "psychotherapist" is (A) a person licensed to practice medicine in any state or nation, or reasonably believed by the patient so to be, while regularly engaged in the diagnosis or treatment of mental or emotional conditions, including alcohol or drug addiction or (B) a person licensed as a psychologist under the laws of any state or nation, while similarly engaged.
>
> (3) A communication is "confidential" if not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview, or persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the psychotherapist, including members of the patient's family.

(b) General rule of privilege.

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

(c) Who may claim the privilege.

e. Alabama courts hold that a plaintiff does not waive the privilege even when she seeks damages for emotional pain and anguish. *Whatley v.*

---

The privilege may be claimed by the patient, the patient's guardian or conservator, or the personal representative of a deceased patient. The person who was the psychotherapist at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the patient.

(d) Exceptions.

(1) Proceedings for hospitalization.

There is no privilege under this rule for communications relevant to an issue in proceedings to hospitalize the patient for mental illness, if the psychotherapist has determined, in the course of diagnosis or treatment, that the patient is in need of hospitalization.

(2) Examination by order of court.

If the court orders an examination of the mental or emotional condition of a patient, whether a party or a witness, communications made in the course thereof are not privileged under this rule with respect to the particular purpose for which the examination is ordered unless the court orders otherwise.

(3) Accused in criminal case.

There is no privilege under this rule as to an accused in a criminal case who raises the defense of insanity.

(4) Breach of duty arising out of psychotherapist-patient relationship.

There is no privilege under this rule as to an issue of breach of duty by the psychotherapist to the patient or by the patient to the psychotherapist.

(5) Child custody cases.

There is no privilege under this rule for relevant communications offered in a child custody case in which the mental state of a party is clearly an issue and a proper resolution of the custody question requires disclosure.

*Merit Distrib. Servs.*, 191 F.R.D. 655, 660 (S.D. Ala. 2000). The Alabama Supreme Court compared the psychotherapist-patient privilege in Alabama to that of other jurisdictions in *Ex parte United Serv. Stations*, 628 So. 2d 501, 504 (Ala. 1993):

> Some jurisdictions adopting a statutory psychotherapist-patient privilege have provided a list of exceptions from the privilege, such as where a patient relies on his mental condition as an element of a claim or defense in a civil proceeding; however, the Alabama legislature did not limit the privilege with specific exceptions. *Compare, e.g., Cal. Evidence Code* § 1010 et seq. (West 1966); *Fla. Stat. Ann.* § 90.503 (West 1979); *Mass. Ann. Laws* ch. 112, § 135A (Law. Co-op. 1991); *Tenn. Code Ann.* § 24-1-207 (1992 Supp.) (psychiatrist only); *Va. Code* § 8.01-400.2 (Michie 1992). The Alabama psychotherapist-patient privilege, however, is subject to certain judicially created exceptions. This Court has recognized an exception to the privilege where, in a child custody matter, the mental state of one of the parents is at issue and a proper resolution of child custody requires disclosure of otherwise privileged psychiatric records. *Harbin v. Harbin*, 495 So. 2d 72 (Ala. 1986). Further, the psychotherapist-patient privilege is unavailable in a criminal trial where the defendant raises the defense of insanity. *Free v. State*, 455 So. 2d 137 (Ala. Crim. App. 1984); *Magwood v. State*, 426 So. 2d 918 (Ala. Crim. App.), *aff'd*, 426 So. 2d 929 (Ala. 1982), *cert. denied*, 462 U.S. 1124, 77 L. Ed. 2d 1355, 103 S. Ct. 3097 (1983).

f. Privilege will not be impliedly waived simply by a patient's seeking damages for injuries relating to a mental or emotional condition. *See*

*Ex parte United Serv. Stations*, 628 at 505.³

i. In arguing that the counselor-patient privilege does not protect Mrs Moorehead's medical records, Defendant relies on Magistrate Judge Moorer's opinion disposing of a discovery dispute in *McBride v. Houston County Health Care Auth.*, 2014 U.S. Dist. LEXIS 22699 (M.D. Ala. Feb. 24, 2014). Defendant argues that *McBride* stands for the position that federal courts

---

³ Despite the absolute nature of the privilege, at least one federal District Court in Alabama has held that if the claim arises under federal anti-discrimination law, the privilege may not apply:

> Alternatively, Anderson has waived any privilege with respect to his mental health treatment records by bringing claims that place his mental health at issue. Anderson invokes Alabama's psychologist-patient privilege pursuant to Ala. Code § 34-26-2. *See Whatley v. Merit Distrib. Servs.*, 191 F.R.D. 655 (S.D. Ala. 2000) (applying the Alabama state law psychologist-patient privilege in state law negligence lawsuit). The court notes, however, that this case arises under federal statutes, not state law. *See Fed. R. Evid.* 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Nevertheless, federal courts recognize a similar privilege with respect to mental health records. *See Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996). This court has previously held that, "'[l]ike other testimonial privileges, the patient may of course waive the protection'" otherwise due mental health records "by putting [the patient's] mental health at issue." *Wilson v. Doss*, 2010 U.S. Dist. LEXIS 41781, 2010 WL 1729111 at * 2 (M.D. Ala. 2010) (quoting Jaffee, 518 U.S. at 15 n.14).

*Anderson v. Georgia-Pacific Wood Prods.*, LLC, 2012 U.S. Dist. LEXIS 101460, *14-15 (M.D. Ala. July 23, 2012).

Mrs. Hatcher has not brought a claim under federal law, so the *Anderson* analysis should not justify a conclusion she has waived the privilege.

have held the privilege has been implied waived when a plaintiff puts their mental state at issue.

ii. However, what Defendant cites to is a portion of Judge Moorer's opinion where he notes there is no clear Eleventh Circuit authority on this issues, but that some federal courts have taken the position privilege was waived by seeking compensatory damages and that "the majority of district courts have adopted a middle position, holding that a plaintiff does not put his or her mental health at issue by simply alleging mental anguish or 'garden variety' emotional distress." *McBride v. Houston County Health Care Auth.*, 2014 U.S. Dist. LEXIS 22699, *11-12 (M.D. Ala. Feb. 24, 2014).

4. The courts have identified five conditions in which a plaintiff's mental health is placed "in controversy": (1) stating a tort claim for intentional or negligent infliction of emotional distress; (2) alleging a specific mental or psychiatric injury or disorder; (3) alleging unusually severe emotional distress; (4) intending to offer expert testimony to support a claim for emotional distress damages; and/or (5) conceding that his or her mental condition is in controversy. *McBride*, 2014 U.S. Dist. LEXIS 22699 at *12.

None of these conditions are met to result in Mrs. Moorehead's waiver of privilege.

a. Mrs. Moorehead has not alleged, nor is she pursuing, damages for the mental health treatment she received.

b. Defendant is the party who made Mrs. Moorehead's mental health a topic for testimony by asking her in her deposition if she has sought counseling related to her claims. In response, Mrs. Moorehead responded she had, but that it was privileged. (Exhibit 3, Deposition Excerpt - Amy Moorehead, p. 331:15-23).

c. Because Mrs. Moorehead has not specifically plead a claim or sought damages for injuries related to her mental health treatment, she has not put her mental health condition in controversy to waive privilege.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests entry of an order denying Defendant leave to serve a subpoena seeking the substance of Mrs. Moorehead's mental health records.

Respectfully submitted,

/s/ Heather N. Leonard
Heather N. Leonard
**Attorney for Plaintiff**
HEATHER LEONARD, PC
2105 Devereux Cicle, Suite 111

Birmingham, AL 35243
205-977-5421 - voice
205-278-1400 - facsimile
Heather@HeatherLeonardPC.com

/s/ R. Brett Adair
R Brett Adair
**Attorney for Plaintiff**
ADAIR LAW FIRM LLC
4914 Cahaba River Road
Birmingham, AL 35243
205-933-8484
Fax: 205-933-8286
Email: brett@adairlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's electronic filing system on May 31, 2016, on the following:

Jenna M. Bedsole
Rachel V. Barlotta
BAKER, DONESLON, BEARMAN, CALDWELL & BERKOWITZ, PC
Wells Fargo Tower
420 North 20th Street, Suite 1400
Birmingham, AL 35203

/s/ Heather N. Leonard
OF COUNSEL