FILED

2016 May-31  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AMY PLAYER MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| HH HEALTH SYSTEM MORGAN | ) | 5:14-cv-2094-AKK |
| COUNTY, LLC, d/b/a Decatur | ) | |
| Morgan Hospital, a corporation or similar | ) | |
| business entity, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO SERVE SUBPOENA (DOC. 66)

### Exhibit 2 - Letter of Objection

1

# HEATHER LEONARD P.C.

## EMPLOYMENT LAW LITIGATION & MEDIATION

### HEATHER N. LEONARD · ATTORNEY

October 1, 2015

Via Facsimile/First Class Mail
256-722-1366

Asbury Family and Child Counseling
788 Hughes Road
Madison, AL 35758

       Re:    Amy Player Moorehead v HH Health System Morgan County

Dear Sir or Madame:

      I represent Mrs. Amy Moorehead.  You recently received a subpoena in the above civil action from her former employer seeking her mental health records.  While Mrs. Moorehead does not object to you providing verification of dates of treatment, she objects to the substance of any mental health records being disclosed; *she does not waive her counselor-patient privilege.*

      The majority of federal courts that have addressed the issue have held that a party does not place his or mental condition in controversy merely by requesting damages for mental anguish or "garden variety" emotional distress. *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 U.S. Dist. LEXIS 37536,, 2009 WL 961131, at *2 (M.D.Fla. Apr.7, 2009); *Stevenson v. Stanley Bostick, Inc.*, 201 F.R.D. 551, 554 (N.D. Ga. 2001).  Mrs. Hatcher's medical and psychological health records are confidential and she has a privacy interest in preserving that confidentiality. *See EEOC v. Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (citing *Griswold v. Connecticut*, 381 U.S. 479, 484(1965) and Health Information Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 299b-2).  Where an individual alleges only garden-variety emotional distress and does not intend to rely on medical or psychological evidence to prove that he or she is harmed, the individual does not waive privilege. *See e.g. Krocka v. City of Chicago*, 193 F.R.D. 542, 544 (N.D.Ill.2000) (privilege remains intact so long as plaintiff limits testimony to humiliation and embarrassment and not any psychological symptoms or conditions); *Miles v. Century 21 Real Estate LLC*, 2006 WL 2711534 (E.D. Ark. 2006) (because plaintiffs in housing discrimination claim would not offer expert testimony or rely on medical records to prove emotional distress, defendant was not entitled to identity of health care providers or copies of medical or psychotherapy records, particularly where defendant had not limited its request in time or scope). As explained by one court,

      "Garden-variety" means ordinary or commonplace. Webster's New World

Dictionary 656 (3d College ed. 1988). Garden-variety emotional distress, therefore, is ordinary or commonplace emotional distress. Garden-variety emotional distress is that which simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working.

*Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, n. 6 (N.D.N.Y. 2000)(vacating magistrate's order compelling production of mental health records; "a party does not put his or her emotional condition in issue by merely seeking incidental, 'garden-variety' emotional distress damages, without more.").

Mrs. Moorehead's mental health records are privileged.

The Code of Ala. § 34-26-2 codifies the pscyhotherapist - patient privilege; For the purpose of this chapter, the confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients are placed upon the same basis as those provided by law between attorney and client, and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.[1]

---

[1]     Rule 503(d) of the Alabama Rules of Evidence also recognizes this privilege:

Rule 503. Psychotherapist-patient privilege.

(a) Definitions.

As used in this rule:

(1)     A "patient" is a person who consults or is examined or interviewed by a psychotherapist.

(2)     A "psychotherapist" is (A) a person licensed to practice medicine in any state or nation, or reasonably believed by the patient so to be, while regularly engaged in the diagnosis or treatment of mental or emotional conditions, including alcohol or drug addiction or (B) a person licensed as a psychologist under the laws of any state or nation, while similarly engaged.

(3)     A communication is "confidential" if not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview, or persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the psychotherapist, including members of the patient's family.

_____

(b) General rule of privilege.

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

(c) Who may claim the privilege.

The privilege may be claimed by the patient, the patient's guardian or conservator, or the personal representative of a deceased patient. The person who was the psychotherapist at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the patient.

(d)      Exceptions.

(1) Proceedings for hospitalization.

There is no privilege under this rule for communications relevant to an issue in proceedings to hospitalize the patient for mental illness, if the psychotherapist has determined, in the course of diagnosis or treatment, that the patient is in need of hospitalization.

(2) Examination by order of court.

If the court orders an examination of the mental or emotional condition of a patient, whether a party or a witness, communications made in the course thereof are not privileged under this rule with respect to the particular purpose for which the examination is ordered unless the court orders otherwise.

(3) Accused in criminal case.

There is no privilege under this rule as to an accused in a criminal case who raises the defense of insanity.

(4) Breach of duty arising out of psychotherapist-patient relationship.

There is no privilege under this rule as to an issue of breach of duty by the psychotherapist to the patient or by the patient to the psychotherapist.

(5) Child custody cases.

Alabama courts hold that a plaintiff does not waive the privilege even when she seeks damages for emotional pain and anguish. *Whatley v. Merit Distrib. Servs.*, 191 F.R.D. 655, 660 (S.D. Ala. 2000). The Alabama Supreme Court compared the psychoterpaist-patient privilege in Alabama to that of other jurisdictions in *Ex parte United Serv. Stations*, 628 So. 2d 501, 504 (Ala. 1993):

> Some jurisdictions adopting a statutory psychotherapist-patient privilege have provided a list of exceptions from the privilege, such as where a patient relies on his mental condition as an element of a claim or defense in a civil proceeding; however, the Alabama legislature did not limit the privilege with specific exceptions. *Compare, e.g., Cal. Evidence Code* § 1010 et seq. (West 1966); *Fla. Stat. Ann.* § 90.503 (West 1979); *Mass. Ann. Laws* ch. 112, § 135A (Law. Co-op. 1991); *Tenn. Code Ann.* § 24-1-207 (1992 Supp.) (psychiatrist only); *Va. Code* § 8.01-400.2 (Michie 1992). The Alabama psychotherapist-patient privilege, however, is subject to certain judicially created exceptions. This Court has recognized an exception to the privilege where, in a child custody matter, the mental state of one of the parents is at issue and a proper resolution of child custody requires disclosure of otherwise privileged psychiatric records. *Harbin v. Harbin*, 495 So. 2d 72 (Ala. 1986). Further, the psychotherapist-patient privilege is unavailable in a criminal trial where the defendant raises the defense of insanity. *Free v. State*, 455 So. 2d 137 (Ala. Crim. App. 1984); *Magwood v. State*, 426 So. 2d 918 (Ala. Crim. App.), *aff'd*, 426 So. 2d 929 (Ala. 1982), *cert. denied*, 462 U.S. 1124, 77 L. Ed. 2d 1355, 103 S. Ct. 3097 (1983).

Privilege will not be impliedly waived simply by a patient's seeking damages for injuries relating to a mental or emotional condition. *See Ex parte United Serv. Stations*, 628 at 505.

Mrs. Moorehead intends on moving the court to quash the subpoena if her request to the Defendant to limit the scope of the subpoena is not honored

Do not hesitate to contact my office if you have any questions about the foregoing.

Sincerely,

Heather Leonard

Enclosure (copy of subpoena)

cc:     Amy Moorehead
        Rachel Barlotta

---

There is no privilege under this rule for relevant communications offered in a child custody case in which the mental state of a party is clearly an issue and a proper resolution of the custody question requires disclosure.

her emotional condition in issue by merely seeking incidental, 'garden-variety' emotional distress damages, without more.").